# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JONATHAN NOTESTINE,

    Petitioner,

vs.

EARL HOUSER,

    Respondent.

Case No. 3:21-cv-00072-RRB

## ORDER OF DISMISSAL

Jonathan Notestine, representing himself from Goose Creek Correctional Center, where he is housed as a pretrial detainee, has filed a habeas petition under 28 U.S.C. § 2241, claiming that the state court is denying his rights in a criminal case in which he is a defendant.[1] Mr. Notestine has also filed an Application to Proceed in District Court without Prepaying Fees or Costs, without providing the required prison trust account statement to show that he is unable to pay the $5.00 filing fee in this case; and a Motion for Appointment of Counsel, also without the required financial affidavit in support.[2] More recently, Mr. Notestine filed additional documents, showing his unsuccessful attempts at receiving a speedy trial, in support of his Petition.[3]

---

[1] Docket 1; *State of Alaska v. Jonathan Robert Notestine*, Alaska Superior Court Case No. 3AN-20-08850CR.

[2] Dockets 3, 4.

[3] Docket 5.

The Court takes judicial notice[4] that, on April 6, 2021, the Chief Justice of the Supreme Court for the State of Alaska issued Special Order 8259, stating that "misdemeanor jury trials may resume on April 19, 2021 under the direction of the presiding judge. Class B and class C felony trials may resume on June 1, 2021 under the direction of the presiding judge. [However, t]he presiding judge may limit or suspend misdemeanor or felony jury trials for any district or location when required for public health or to comply with local health mandates."[5] The public record shows that among the 25 charges against him, Mr. Notestine has been charged with Class B and Class C felonies, as well as misdemeanors which include violating conditions of release.[6] The record also shows that Mr. Notestine was arraigned on November 17, 2020, and has apparently been incarcerated since that time.[7]

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact. . .." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[5] http://www.courts.alaska.gov/covid19/index.htm#socj, Special Order 8259 at 1; *see also State v. Baker*, 425 P.3d 210, 212 (Alaska Ct. App. 2018) ("Alaska Criminal Rule 45 governs a defendant's statutory right to a speedy trial under Alaska law.").

[6] *See* https://records.courts.alaska.gov/eaccess/searchresults, 3AN-20-08850CR.

[7] *See id.*

## SCREENING REQUIREMENT

Federal courts have general habeas jurisdiction under 28 U.S.C. § 2241.[8] A petitioner may properly challenge state pretrial detention under § 2241.[9] But a court must "promptly examine" a habeas petition.[10] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . ."[11]

In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt.[12]

---

[8] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[9] *See Stow v. Murashige,* 389 F.3d 880, 885-88 (9th Cir. 2004).

[10] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[11] *Id.*

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[13] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[14]

Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[15] This habeas statute provides federal courts with general habeas corpus jurisdiction.[16] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who wishes to challenge his state custody without a state judgment.[17] When examining a § 2241 petition from a pretrial detainee claiming a violation of his or her right to a speedy trial, a significant delay in the proceedings must be shown.[18]

---

[13] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[14] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[15] 28 U.S.C. § 2241(c)(3).

[16] *See Magana-Pizano*, 200 F.3d at 608 & n.4.

[17] *Stow*, 389 F.3d at 885-88 (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment- for example, a defendant in pre-trial detention or awaiting extradition.")).

[18] *See Barker v. Wingo,* 407 U.S. 514, 530-31 (1972).

Mr. Notestine was arraigned on November 17, 2020, so he appears to have been incarcerated for five months.[19]

In *McNeely v. Blanas*,[20] the Ninth Circuit found a delay of three years to be substantial, such that prejudice was presumed, triggering an inquiry under *Barker v. Wingo*.[21] The four-part test articulated by the Supreme Court in *Barker* is used to determine whether government delay had abridged a defendant's Sixth Amendment right to a speedy trial.[22] The factors to be considered in a *Barker* inquiry include: "(1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient."[23] Clearly, however, at this point, Mr. Notestine has not been incarcerated for a "substantial" time under federal law. And the Covid-19 pandemic creates a valid reason for postponing Mr. Notestine's trial during these five months. [24]

---

[19] *See* https://records.courts.alaska.gov/eaccess/searchresults, 3AN-20-08850CR.

[20] 336 F.3d 822, 826 (9th Cir. 2003).

[21] 407 U.S. 514, 530 (1972).

[22] *McNeely*, 336 F.3d at 826 (citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)).

[23] *Id.* (citing *Barker*, 407 U.S. at 530).

[24] *But see United States v. Sheikh*, No. 2:18-cr-00119 WBS, ___ F.Supp.3d ___, 2020 WL 5995226, at *3 (E.D. Cal. Oct. 9, 2020) (Discussing the right to a speedy trial in a federal criminal case, explaining that "the coronavirus alone does not give the court the liberty to simply exclude time. Rather, the court must conduct a 'deliberate inquir[y] into

### I. Appropriate Relief

For relief, Mr. Notestine requests: "Dismissal of charges due to obstruction of justice of our constitutional rights.[25] The due process clauses of the Fifth and Fourteenth Amendments bar pretrial detention unless detention is necessary to serve a compelling government interest.[26] Thus, although a state may "impose conditions on an arrestee's release, such as bail … [b]ail set at a figure higher than an amount reasonably calculated to fulfill [its] purpose [of assuring the presence of the accused at trial] is 'excessive' under the Eighth Amendment."[27]

Mr. Notestine's request that the Court require charges against him in the state courts be dismissed is not appropriate.[28] A speedy trial claim may be

---

whether an ends-of-justice continuance is justified by the circumstances surrounding a particular case.'") (citation omitted).

[25] Docket 1 at 8.

[26] *Reem v. Hennessy*, Case No. 17-cv-06628-CRB, 2017 WL 6765247, at *1 (N.D. Cal. Nov. 29, 2017) (unpublished) (citing *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 780 (9th Cir. 2014)).

[27] *Id.* (quoting *Lopez-Valenzuela*, 770 F.3d at 777).

[28] *Id.*, at *2 ("A number of circuit courts have entertained habeas petitions alleging unconstitutional detention or excessive bail prior to trial. *See Atkins v. People of the State of Mich.,* 644 F.2d 543, 549 (6th Cir. 1981) ('The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights ... whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order *or by a petition for habeas corpus*.') (emphasis added); *accord, Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979); *Jenkins v. Harvey*, 634 F.2d 130, 132 (4th Cir. 1980); *Meechaicum v. Fountain*, 696 F.2d 790, 792 (10th Cir. 1983)."); *Belcher v. Nevada*, 3:20-cv-00554-MMD-CLB, 2020 WL 6731725, at *3 (D. Nev. Oct. 19, 2020), *report and recommendation adopted,* No. 3:20-cv-00554-MMD-CLB, 2020 WL 6729279 (D. Nev. Nov. 16, 2020) (slip op.) ("When a pretrial detainee challenges a bail

reviewed under § 2241 if a pretrial detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges.[29] Thus, although a federal court can order a state court to bring a petitioner to trial, federal courts do not order that state charges be dismissed.[30] The Court will not, therefore, address the merits of any underlying charges against Mr. Notestine, or order that any state criminal charges against Mr. Notestine be dismissed.

---

determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack [v. Boyle],* 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 ([9th Cir.] 2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger* abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus)."); *compare Davie v. Villanueva*, No. CV 20-6580 MWF (PVC), 2020 WL 4901611, at *3 (C.D. Cal. Aug. 20, 2020) ("[T]o the extent that he is seeking release on zero or reduced bail prior to trial due to health concerns arising from the coronavirus pandemic, this claim overlaps with his excessive bail claim. Furthermore, state courts can and do offer an adequate forum to litigate such claims.") (noting that a state appellate court granted "in part pretrial detainee's habeas petition seeking release on bail and order[ed] trial court to hold a hearing to 'consider entering a new and different order setting bail consistent with the [county's] June 23, 2020 amended bail order,' which was adopted to address inmate overcrowding during the COVID-19 pandemic).") (citation omitted).

[29] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted).

[30] *Compare United States v. Olsen*, No. SACR 17-00076-CJC, 2020 WL 6145206, at *1 (C.D. Cal. Oct. 14, 2020) ("Because the Central District denied Mr. Olsen a public and speedy trial under the Sixth Amendment, this Court now must dismiss the [federal] indictment against him."), *appeal filed* 11/13/20, 9th Cir. No. 20-50329, 2020 WL 6145206.

## II. Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[31] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[32] A federal court

> must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.[33]

The Court of Appeals for the Ninth Circuit has directly addressed abstention, regarding the claim of a state court violating the right to a speedy trial, explaining:

---

[31] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

[32] *Younger*, 401 U.S. at 54; *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (In *Perez v. Ledesma,* 401 U.S. 82, 85 (1971), the Supreme Court "limited the category of 'extraordinary circumstances' to encompass only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'"); *Brown v. Ahern,* 676 F.3d 899, 901 (9th Cir. 2012) ("Consistent with this observation, we specifically rejected in *Carden* the argument that a claimed violation of the Speedy Trial Clause … sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration.") (citing *Carden* at 84).

[33] *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

> *Younger* does not "require[ ] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[34]

The State of Alaska has an important interest in enforcing its criminal laws, and Mr. Notestine's criminal cases in state court remain ongoing. Mr. Notestine's allegation, that he is being denied his right to a speedy trial in state court, should be addressed in his state court criminal proceedings, where he may also continue to address the issue of bail.[35] This Court should not interfere with the trial court's fact-finding responsibilities and legal decisions in that case, unless "full vindication of the petitioner's pretrial rights requires intervention before trial."[36] This does not appear to be such a case.

---

[34] *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo,* 882 F.3d at 764, 766–67).

[35] *See Brown,* 676 F.3d at 900-901 (A "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings.") (citing *Carden*, 626 F.2d at 83).

[36] *Page,* 932 F.3d at 903.

## III. Exhaustion

Exhaustion is required under common law before bringing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241.[37] Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity require the court to abstain until all state criminal proceedings are completed, and the petitioner exhausts the available state judicial remedies, unless extraordinary circumstances warranting federal intervention prior to a state criminal trial are found. A violation of the right to a speedy trial is not, alone, an extraordinary circumstance warranting federal intervention.[38]

The Court may only address Mr. Notestine's speedy trial claim after he fully exhausts the available state court remedies,[39] and upon a showing that this Court should not abstain from addressing his claims.

---

[37] *See Braden*, 410 U.S. at 488 (allowing petitioner to raise speedy trial claim prior to trial under 28 U.S.C. § 2241, where he had exhausted available state remedies); *Stow*, 389 F.3d at 886; *Reem*, 2017 WL 6765247, at *2 ("The exhaustion requirement addresses the same concerns of comity between federal and state courts as *Younger* does. *See Dickerson v. State of La.*, 816 F.2d 220, 225-26 (5th Cir. 1987) ('The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.').").

[38] *Carden*, 626 F.2d at 83-85.

[39] *See, e.g., Stack*, 342 U.S. at 6-7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, … 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1

Accordingly, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED without prejudice.

2. The Application to Proceed without Prepaying Fees or Costs, at Docket 3, is DENIED.[40]

3. The Motion for Appointment of Counsel, at Docket 4, is DENIED as moot.

4. The Clerk of Court is directed to enter Judgment accordingly.

Dated at Anchorage, Alaska this 19th day of April, 2021.

    /s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

(W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial.… Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[40] Mr. Notestine did not provide his prison account statement, showing that he cannot afford to pay the $5.00 filing fee in this case.

Case 3:21-cv-00072-RRB, *Notestine v. Houser*
Order of Dismissal
Page 11 of 11

Case 3:21-cv-00072-RRB   Document 7   Filed 04/19/21   Page 11 of 11